UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>vs.<br><br>PARADISE COURT HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-cv-00390-GMN-NJK<br><br>ORDER<br><br>(Docket No. 52) |

Pending before the Court is a motion for protective order arising out of a dispute as to the location for the Rule 30(b)(6) deposition of Plaintiff. Docket No. 52. As counsel repeat in every filing with the Court, this is one of hundreds of quiet title actions arising out of homeowner association foreclosure proceedings involving the same attorneys for both the bank and for Defendant SFR. *See Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Ass'n*, ___ F.R.D. ____, 2016 WL 4071988, *1 (D. Nev. July 28, 2016); *see also* Docket No. 52-2 at ¶ 11. These attorneys have already asked the undersigned on numerous occasions to resolve this dispute in substantially similar form. Indeed, the undersigned most recently addressed the issue on August 1, 2016, three days before Plaintiff filed the instant motion. *See Bank of Am., N.A. v. Auburn & Bradford at Providence Homeowners' Ass'n*, Case No. 16-cv-00393-APG-NJK, Docket No. 67 (D. Nev. August 1, 2016) (addressing both arguments regarding deposition location and whether the deposition topics may be addressed through written discovery). Nor is the undersigned alone, as it appears that every magistrate judge within this district has also already addressed similar disputes.

In repeatedly presenting similar discovery disputes to the Court, counsel misunderstand the respective duties of counsel and the Court in the discovery process. "Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention 'only in extraordinary situations that implicate truly significant interests.'" *Id.* (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). These well-settled propositions have been reinforced and highlighted by the recent amendments to the Federal Rules of Civil Procedure, which make explicit that counsel themselves have a duty to ensure the just, speedy, and inexpensive resolution of cases. *See, e.g., Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). In the discovery context, that duty of counsel is most significant at the required pre-filing conference, at which counsel are required to engage with one another in "good faith." *See, e.g.*, Fed. R. Civ. P. 26(c)(1).[1] The need for compliance with these obligations is especially important when a case is complex or hundreds of substantially similar cases are pending with the same attorneys. Common sense and practicality should be at the forefront of counsel's discussions.

The Court fails to discern the presence of either "good faith" or compliance with counsel's duties under Rule 1 in the repeated filing of substantially similar discovery motions. The undersigned has provided guidance to these same attorneys on multiple occasions on these issues, as have the other magistrate judges in this district. Counsel should have more than ample guidance at this point to resolve this dispute without further Court involvement. That is especially true since the underlying dispute should be resolved by counsel without Court involvement in almost every case anyway. It is time for counsel to take the guidance the Court has already given them in order to resolve this dispute among themselves. *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, *2 (D. Nev. July 27, 2010) (counsel should

---

[1] "The Court also has a duty to actively and effectively manage the discovery process to ensure that the parties have an efficient access to necessary discovery while eliminating unnecessary and wasteful discovery. At the same time, the Court's duty is not triggered every time counsel have a disagreement." *TDN Money Sys. v. Global Cash Access, Inc.*, 2016 U.S. Dist. Lexis 99526, *3-4 (D. Nev. July 28, 2016) (internal citation omitted). In this instance, the Court fulfilled its duty by resolving a substantially similar dispute three days prior to the filing of the pending motion.

not seek to turn magistrate judges into "schoolmarm[s] scolding little boys").  The pending motion is **DENIED** without prejudice.

Moving forward, counsel are reminded that they must comply with their obligations to engage in good faith discussions to resolve discovery disputes.  If counsel are truly unable to agree with respect to the pending motion, it may be renewed.  **Counsel for both sides are advised that the imposition of sanctions against the losing party is presumed, and is overcome only if the losing party carries its burden of showing such sanctions would be unjust or its position was substantially justified**.  *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A), (B).  Even if a motion is granted in part and denied in part, the Court retains discretion to impose sanctions.  Fed. R. Civ. P. 37(a)(5)(C).  The Court also has at its disposal other sources for sanctions, which may be appropriately imposed.  *See, e.g.*, Fed. R. Civ. P. 11.  So counsel should carefully consider that risk in deciding how to conduct themselves in the meet-and-confer process.

IT IS SO ORDERED.

DATED: August 5, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge