# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON, )
)
                Plaintiff, )    Case No.: 2:16-cv-00390-GMN-NJK
   vs. )
) **ORDER**
PARADISE COURT HOMEOWNERS )
ASSOCIATION; NEVADA ASSOCIATION )
SERVICES, INC.; and SFR INVESTMENTS )
POOL 1, LLC, )
)
                Defendants. )
SFR INVESTMENTS POOL 1, LLC, )
)
              Counter/Cross Claimant, )
   vs. )
)
THE BANK OF NEW YORK MELLON, )
)
           Counter/Cross Defendants. )

Pending before the Court is Plaintiff Bank of New York Mellon's ("BNYM's") Motion to Alter or Amend Judgment, (ECF No. 112). Defendant Paradise Court Homeowners Association ("HOA") and SFR Investments Pool 1, LLC ("SFR") filed Responses, (ECF Nos. 116, 117), to which BNYM filed a Reply, (ECF No. 118). For the reasons discussed below, BNYM's Motion to Alter or Amend Judgment is **DENIED**.[1]

I. <u>**BACKGROUND**</u>

This case involves claims arising out of a non-judicial foreclosure on real property located at 1150 Grass Pond Place #2, Henderson, Nevada 89015 (the "Property"). (Compl. ¶ 6,

---

[1] For good cause appearing, the Court **GRANTS** BNYM's Motion for Leave to File Supplemental Authority, (ECF No. 119). SFR requests that the Court either strike BNYM's Motion or, alternatively, permit a response. (*See* SFR's Resp. to BNYM's Mot. for Leave, ECF No. 120). In light of the Court's disposition of BNYM's Motion to Amend, discussed below, SFR's request is moot.

ECF No. 1). BNYM was assigned the Deed of Trust ("DOT") for that Property on October 18, 2011. (*See* Assignment of DOT, Ex. B to BNYM's MSJ, ECF No. 89-2).

The foreclosure sale at the center of this case occurred on September 21, 2012, due to outstanding assessments on the Property that were owed to HOA, which gave HOA a superpriority lien pursuant to Chapter 116 of the Nevada Revised Statutes. (*See* Notice of Delinquent Assessment Lien, Ex. C to BNYM's MSJ, ECF No. 89-2). SFR purchased the Property at that foreclosure sale.

BNYM filed its Complaint on February 25, 2016, asserting several causes of action against Nevada Association Services, Inc. ("NAS"), SFR, and HOA for their roles in the Property's foreclosure and sale: (1) quiet title with a requested remedy of declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") 116.1113; (3) wrongful foreclosure; (4) injunctive relief. (*Id.* ¶¶ 24–65). On June 17, 2016, SFR filed a counterclaim against BNYM and crossclaims against various parties involved in the foreclosure sale for quiet title, slander of title, and injunctive relief. (Answer at 8–16, ECF No. 42).

Each party later filed their own motion for summary judgment, (ECF Nos. 85, 89, 90), which the Court ruled on in its September 27, 2019 Order, (ECF No. 108). In that Order, the Court denied BNYM's motion as to all of its claims, and granted summary judgment in favor of SFR and HOA. (*See* Order 12:1–10, ECF No. 108). Specifically, the Court did not find that the letter of inquiry sent to NAS by BNYM's loan servicer, Bank of America, N.A., ("BANA") was a valid tender of the owed assessments prior to the foreclosure sale. (*Id.* 8:14–16) ("Because BNYM only declared its willingness to pay and did not present actual payment, there was no tender of the super-priority amount that prevented HOA from extinguishing BNYM's deed of trust through foreclosure."). The Court also did not find equitable grounds that would warrant setting aside the foreclosure sale. (*Id.* 9:1–11:2). The Court accordingly

concluded that the foreclosure sale was valid, and that BNYM's DOT had been extinguished. (*Id.* 8:14–16, 10:17–19, 10:25–11:2, 11:17–19).

In BNYM's instant Motion to Alter or Amend Judgment, BNYM requests the Court to reconsider its ruling with respect to its claims against HOA for wrongful foreclosure and breach of NRS 116.1113. (*See* Mot. Alter or Amend 5:18–7:1). Additionally, BNYM urges reconsideration of the Court's conclusion that the letter of inquiry could not have constituted a valid tender. (*Id.* 5:10–11:4); (*see also* Mot. Leave to File Suppl. Authority, ECF No. 119) (citing the Nevada Supreme Court's recent decision in *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217 (Nev. 2019)).

## II. <u>LEGAL STANDARD</u>

Under Rule 59(e), district courts have considerable discretion when considering a motion to amend a judgment. *Turner v. Burlington Northern Santa Fe. R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which judgment is based; 2) the moving party presents newly discovered evidence or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law. *Id.* Motions under this Rule "should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1995). A motion to amend judgment is not a vehicle permitting an unsuccessful party to reiterate arguments previously presented. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Further, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. DISCUSSION

BNYM moves for the Court to reconsider its grant of summary judgment on BNYM's claims against HOA for wrongful foreclosure and breach of NRS 116.1113. (Mot. Alter or Amend 5:4–9). BNYM also moves for reconsideration of the ruling that BANA's letter attempting to pay off HOA's superpriority lien was insufficient to constitute valid tender. (*Id.*). The Court's below discussion begins with BNYM's arguments concerning tender, and then addresses BNYM's claims for wrongful foreclosure and breach of NRS 116.1113 against HOA.

### A. Tender

The Court reiterates its prior ruling and concludes that the letter offering to pay the yet-to-be determined superpriority amount, without more, is insufficient to constitute valid tender. (*See* Order 8:7–23, ECF No. 108). The Nevada Supreme Court's decision in *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1218 (Nev. 2019), does not change this result.

As a general rule, a first deed of trust holder may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. 116.31166(1); *see also SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). "Valid tender requires payment in full," and must be either unconditional or limited to "conditions on which the tendering party has a right to insist." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–118 (Nev. 2018).

In *Jessup*, the Nevada Supreme Court introduced an exception to the general rule: a first deed of trust holder is excused from tendering the superpriority amount where an HOA agent represents that it would reject any such tender if attempted. *Jessup*, 435 P.3d at 1220. In the underlying facts of that decision, the deed of trust holder sent a letter requesting the amount of the HOA superpriority lien. *Id.* at 1219–20. While the Nevada Court held that a mere offer to pay the "yet-to-be-determined superpriority amount was not sufficient to constitute valid

tender," it also held that the tender obligation was excused because the HOA's agent represented to the deed of trust holder that any attempted tender would be rejected. *Id.* at 1220. Specifically, the HOA's agent, Absolute Collection Services, LLC ("ACS"), responded in writing to the lender's request for the payoff amount, stating "a 9-month statement of Account is not valid," until the lender—rather than HOA—initiates foreclosure. *Id.* ACS's correspondence did not expressly state that any tender would be rejected, but the Nevada Supreme Court concluded this was "the only reasonable construction" of ACS's language. *Id.* Given the futility of tender, the Court found it immaterial that the deed of trust holder took no further action to preserve its deed of trust in the ten-month window between ACS's rejection and the foreclosure sale. *Id.* at 1218–19. Accordingly, the lender's offer to pay the "yet-to-be-determined superpriority amount," combined with "ACS's rejection of that offer, operated to cure the default as to [the superpriority] portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust." *Id.* at 1220.

Applying *Jessup* here, the Court finds reconsideration unwarranted. The *Jessup* Court's excusal of tender was based upon the lender's offer to pay the "yet-to-be-determined superpriority amount" *and* the HOA agent's "rejection of that offer." *Id.* The problem for BNYM here is the second requirement. Unlike ACS's representation that tender would be futile in *Jessup*, NAS, in the present case, never responded to BANA's letter. Because the *Jessup* Court tethered its holding to ACS's express communication of futility, the Court is hesitant to give that decision the expansive interpretation BNYM urges. *See id*. at 1218 ("[F]ormal tender is excused when the party entitled to payment represents that if a tender is made, it will be rejected . . . . [S]uch a representation excuses the requirement of making a formal tender."). Indeed, a subsequent decision from the Nevada Court of Appeals, as well as decisions from this Court, have similarly recognized the limitations of the *Jessup* holding. *See, e.g.*, *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, No. 75603-COA, 2019 WL 2461736, at

*1 (Nev. App. June 11, 2019) ("To excuse Bank of America's obligation to provide valid tender, HOA must have actually rejected an attempt at tender."); *Bank of Am., N.A. v. Rainbow Bend Homeowners Ass'n*, No. 3:17-cv-00049-MMD-WGC, 2019 WL 2601561, at *5 (D. Nev. June 25, 2019) ("In the absence of evidence tantamount to an actual rejection by the HOA, BANA's argument does not fall within the purview of *Jessup*."). Accordingly, the Court reaffirms its finding that BANA's letter to NAS, standing alone, does not constitute valid tender; and the narrow exception recognized in *Jessup* is inapplicable to this case.

### B. BNYM's Claims Against HOA

#### 1. *Wrongful Foreclosure*

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). To prove a wrongful foreclosure claim, the bank must demonstrate (1) that the HOA foreclosed, and (2) that there was no delinquency when the HOA foreclosed. *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

Here, evidence revealed that HOA had an outstanding superpriorty lien on the Property prior to the foreclosure sale; and there is an absence of evidence that HOA failed to comply with NRS Chapter 116's statutory requirements in proceeding with the foreclosure based on that superpriority lien. (*See* Order 2:13–23, 8:7–23, ECF No. 108). Moreover, BANA's letter requesting the amount of HOA's superpriority lien did not amount to a valid tender, nor did NAS's failure to respond justify application of the tender exception recognized in *Jessup*.[2] Therefore, as a foreclosure sale authorized by NRS 116 and in line with statutory procedures, it was not wrongful. *See* Nev. Rev. Stat. 116.31166; *see, e.g.*, *Bank of New York Mellon v. Log*

---

[2] To the extent BNYM argues that the inadequate sales price and alleged obstruction serve as a basis for the wrongful foreclosure claim, (*see* Mot. Alter or Amend 6:1–7:1, ECF No. 112), the Court previously rejected these arguments when dealing with the parties' motions for summary judgment. (Order 9:1–10:19, ECF No. 108). BNYM has not provided new arguments to warrant deviation from the Court's prior Order.

*Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 939 (D. Nev. 2019) ("[B]ecause the HOA Sale was conducted pursuant to a statute—NRS § 116.3116—that withstands BONY's constitutional challenge, BONY cannot assert that the HOA Sale was wrongful."); *cf. Bank of Am., N.A. v. Operture, Inc.*, No. 2:16-cv-01692-APG-GWF, 2018 WL 3242679, at *3 (D. Nev. July 2, 2018).

### 2. Breach of NRS 116.1113

NRS 116.1113 states that "[e]very contract or duty governed by [NRS Chapter 116] imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. 116.1113. "Good faith" is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing." Nev. Rev. Stat. 104.1201.

In HOA's motion for summary judgment, it argued that BNYM's breach of NRS 116.1113 claim cannot survive because "there is no contract that exists between [HOA and BNYM], and there is no provision in Chapter 116 to provide that an Association owes an independent duty to a third party Bank in the context of a non-judicial foreclosure sale that would prevent [HOA] from foreclosing . . . ." (HOA's MSJ 14:25–15:7, ECF No. 85). BNYM, conversely, argued that HOA failed to act in good faith by refusing to provide "any information" that would enable BNYM to satisfy the super-priority amount. (BNYM's Resp. 12:1–13:16, ECF No. 91). BNYM also makes a passing argument in its instant Motion to Alter or Amend Judgment that HOA and NAS "were bound to provide" information about the outstanding superpriority amount "under the HOA's CC&Rs." (Mot. Alter or Amend 4:9–15, 8:4–6, ECF No. 112).

The relevant provision of the CC&Rs that HOA and NAS allegedly breached provides:

> Eligible Holders, upon express written request in each instance thereof, shall have the right to (1) examine the books and records of the Association during normal business hours, (2) require from the Association the submission of an annual audited financial statement (without expense to the Beneficiary, insurer or guarantor requesting such statement) and other financial data, (3) receive written

> notice of all meetings of the Members, and (4) designate in writing a representative to attend all such meetings.

(HOA's CC&Rs Article 13(e), ECF No. 89-9). BNYM has not satisfied the Court that HOA or NAS committed a breach of the relevant CC&R provisions. BANA's letter in this case does not indicate that it, or BNYM, sought an inspection of HOA's books. (*See* Letter of Inquiry, Ex. 1 to Miles Bauer Aff., ECF No. 89-6). Similarly, BNYM has not presented evidence of follow-up requests for examination of HOA's financial records. The Court is therefore unpersuaded that BANA's correspondence triggered a duty of NAS or HOA under the CC&Rs, or that NAS's failure to respond is equivalent to the denial of a right to inspect HOA's records and obstruction of a payment attempt. In contrast to BNYM's arguments, the evidence here does not establish that HOA or NAS refused to provide information or otherwise inhibited BNYM from protecting its DOT; nor is there a genuine a dispute of material fact about such issues.

In sum, the Court finds no basis to modify its prior conclusion that HOA is entitled to summary judgment on BNYM's claims for wrongful foreclosure and breach of NRS 116.1113. Additionally, the Court concludes that the record in this case does not warrant a finding that tender would have been futile as illustrated in *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217 (Nev. 2019). BNYM's Motion to Amend is, consequently, denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BNYM's Motion to Alter or Amend Judgment, (ECF No. 112), is **DENIED**.

**IT IS FURTHER ORDERED** that BNYM's Motion for Leave to File Supplemental Authority, (ECF No. 119), is **GRANTED**.

**DATED** this __18__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court